UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OSCAR STEINMETZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No: 4:19 CV 2291 RWS |
| | ) | |
| UNITED STATE OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

This case is before me on the Petitioner Oscar Steinmetz's motion to vacate, correct, or set aside his sentence under 28 U.S.C. §2255 and his motion for summary judgment. ECF Nos. [1] & [12]. Steinmetz alleges that his trial counsel was ineffective during the trial, sentencing, and appeal. [ECF No. 1]. Steinmetz also alleges that I lacked the necessary jurisdiction to try his criminal case, that I incorrectly applied the forfeiture statute, and that he cannot be subject to supervised release. [ECF No. 1]. For the reasons set forth below, I deny Steinmetz's petition.

## BACKGROUND

Steinmetz was indicted on April 14, 2016, for one count of production of child pornography and was arrested on April 20, 2016. United States v. Steinmetz, 4:16-cr-163-RWS, [ECF Nos. 1 & 9]. A federal public defender was appointed to

1

Steinmetz on April 20, 2016 and entered her appearance on April 26, 2019. United States v. Steinmetz, 4:16-cr-163-RWS, [ECF No. 8]. The public defender served as Steinmetz's counsel through April 3, 2017. United States v. Steinmetz, 4:16-cr-163-RWS, [ECF No. 81]. She represented Steinmetz for most of the pre-trial proceedings, including a motion to suppress and several motions in limine. United States v. Steinmetz, 4:16-cr-163-RWS, [ECF Nos. 36, 62, 63, & 79]. Steinmetz then obtained private counsel, who represented him through the trial and appeal.

A jury found Steinmetz guilty of one count of production of child pornography on May 9, 2017. He was sentenced to a term of imprisonment of two-hundred-forty months followed by five years of supervised release. United States v. Steinmetz, 4:16-cr-163-RWS, [ECF No. 129]. Additionally, Steinmetz was ordered to pay a $10,000 fine and forfeit certain real and personal property to make restitution in the amount of $69, 384. United States v. Steinmetz, 4:16-cr-163-RWS, [ECF No. 129 & 174]. Steinmetz appealed from the guilty verdict and sentence on August 24, 2017. United States v. Steinmetz, 4:16-cr-163-RWS, [ECF No. 131]. The appeal was denied, as was Steinmetz's petition for certiorari. United States v. Steinmetz, 900 F.3d 595, 600 (8th Cir. 2018), *cert denied,* 139 S.Ct. 948 (2019).

Steinmetz then filed a motion to vacate, correct, or set aside the judgment with this court pursuant to 28 U.S.C. § 2255. In his motion, Steinmetz challenges

my jurisdiction to impose the sentence and the application of supervised release. Steinmetz also alleges that his counsel was ineffective throughout the trial. In particular he argues that counsel was ineffective in the following ways: (1)challenging the search of his home; (2) challenging evidence he claims was prejudicial and irrelevant; (3) failing to impeach the victim for testimony relying on recovered memories; (4) failing to challenge the application of several sentence enhancements and the appropriateness of restitution; and (5) failing to challenge the forfeiture order.

## **LEGAL STANDARD**

To prevail under § 2255, Steinmetz must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In order to obtain relief under §2255, a movant must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Gomez, 326 F.3d 971, 974 (8th Cir. 2003) (quoting United States v. Boone, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal.

3

United States v. Davis, 452 F.3d 991, 994 (8th Cir. 2006); United States v. Cordy, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on the defendant. United States v. Cronic, 466 U.S. 648, 658 (1984).

In order to prevail on an ineffective assistance of counsel claim, Steinmetz must show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by the deficient representation. Strickland v. Washington, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance is highly deferential. Id. at 689. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 694. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.

## DISCUSSION

### I. I Properly Exercised Jurisdiction Over Steinmetz (Claim I)

Steinmetz first challenges my jurisdiction over intrastate production of child pornography. In particular he challenges the constitutionality of 18 U.S.C. §2251's jurisdictional hook, which gives federal courts jurisdiction over production cases when the pornography "was produced or transmitted using materials that have been mailed, shipped or transported in or affecting interstate or foreign commerce by

4

any means, including by computer." 18 U.S.C. § 2251(a). This challenge must fail because the Eighth Circuit has repeatedly rejected similar attacks and held that 18 U.S.C. § 2251 is constitutional. See United States v. Betcher, 534 F.3d 820, 824 (8th Cir. 2008), United States v. Mungan, 441 F.3d 622, 630 (8th Cir. 2006), and United States v. Koenen, 230 Fed. Apx. 631, 631 (8th Cir. 2007). Therefore, I must deny this claim.

**II. Steinmetz did not Receive Ineffective Assistance of Counsel (Claims II-VI)**

Steinmetz alleges that he received ineffective assistance of counsel throughout his trial and appeal. In order to establish ineffective assistance of counsel, Steinmetz must show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by the deficient representation. Strickland v. Washington, 466 U.S. 668, 687 (1984). Since "there are countless ways to provide effective assistance in any given case," my review of ineffective assistance claims is deferential." Id. at 689-90. Therefore, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Id. After a thorough review of each of Steinmetz's claims for ineffective assistance of counsel, I find that he failed to meet this standard. Therefore, these claims must be denied.

5

### A. Counsel was not Ineffective in Challenging the Search of Steinmetz's Home

Steinmetz first claims that his counsel was ineffective for failing to challenge the search of his home. Although Steinmetz couches this claim in the language of an ineffective assistance of counsel claim, he seems to be challenging my decision regarding his consent to search. To the extent he is challenging the validity of his consent to search his home, the claim must fail because this issue was already decided on direct appeal. United States v. Kraemer, 810 F.2d 173, 177 (8th Cir. 1987) ("Appellant cannot raise the same issues in a § 2255 petition that have been decided on direct appeal or in a new trial motion"), United States v. Steinmetz, 900 F.3d 595, 600 (8th Cir. 2018) (holding the district court did not err in finding that Steinmetz voluntarily consented to the search).

The claim also fails under Strickland. Steinmetz fails to show that his attorney fell below an objective standard of reasonableness or that his counsel's performance prejudiced him. Steinmetz's counsel filed a motion to suppress evidence from the search arguing that his consent was involuntary and in the alternative that his consent was conditional on his presence. The motion was addressed at an evidentiary hearing, where counsel made a number of arguments about the nature of Steinmetz's consent. Although these arguments did not focus on the reasonable person standard in the manner or to the extent Steinmetz would

6

have preferred, they were sufficient to establish that counsel acted in a reasonable manner. Additionally, Steinmetz's does not establish prejudice. Steinmetz concedes that counsel and I were both aware that the correct standard for evaluating consent was the reasonable person standard. [ECF No. 1]. Therefore, it is not clear that additional arguments about the application of that standard would have impacted the outcome of the case.

Finally, Steinmetz's argument that appellate counsel's failure to narrowly tailor his petition for certiorari amounted to ineffective assistance of counsel, must also fail because he did not illustrate prejudice. The Supreme Court grants a small fraction of the petitions for certiorari it receives, and Steinmetz has not shown that his petition would have been granted or that his challenge would have been successful. See Steele v. United States, 518 F.3d 986, 988 (8th Cir. 2008). Therefore, this claim must be denied.

**B. Counsel was not Ineffective in Challenging the Evidence Presented at Trial**

Steinmetz next argues that his counsel was ineffective for failing to challenge prejudicial evidence that was submitted at the trial. Once again it appears that Steinmetz is merely using an ineffective assistance of counsel claim to relitigate an issue that was addressed on direct appeal. To the extent Steinmetz is arguing the evidence used at trial was improperly admitted because its prejudicial

7

effect outweighed its probative value, the claim must fail. Kraemer, 810 F.2d at 177, Steinmetz, 900 F.3d at 601.

The claim also fails under Strickland. Although, Steinmetz is arguing that his counsel failed to provide specific objections to propensity evidence, he does not show that his counsel failed to provide objectively reasonable representation. His counsel filed a motion in limine seeking to exclude propensity evidence related to child molestation and offered objections throughout the trial. Defendant's Motion in Limine, 4:16-cr-163-RWS, [ECF No. 62]. And trial counsel's arguments at the pre-trial hearing directly address a number of issues Steinmetz raised in his §2255 motion, including arguing that the evidence does not go to proving identity and would be used as propensity evidence. Transcript of Pretrial Motions Hearing and Frye Hearing, 4:16-cr-163-RWS, [ECF No. 136, p. 8-9]. Additionally, Steinmetz fails to demonstrate prejudice. Although Steinmetz contends that the evidence would have been excluded if counsel provided more specific objections and challenged the constitutionality of F.R.E. 414, he provides no evidence to support this claim. Additionally, since the Eighth Circuit has previously held that F.R.E 414 does not violate the due process clause, such a challenge would not have succeeded on the merits. United States v. Coutentos, 651 F.3d 809, 819 (8th Cir. 2011). Counsel is not ineffective for failing to raise a meritless argument. Accordingly, this claim must be denied.

### C. Counsel was not Ineffective in Failing to Impeach the Witness's Testimony About Recovered Memories

In his next argument, Steinmetz says that his counsel was ineffective for failing to impeach the victim's recovered memories. Steinmetz argues that his counsel should have challenged the victim's testimony about the events because it was based on recovered memories, which have been shown to be highly unreliable. Motion to Vacate, Correct, or Set Aside under § 2255, [ECF No. 1, p. 17]. Because Steinmetz is unable to show that counsel's representation fell below an objective standard of reasonableness, his claim must be denied.

Although trial counsel did not bring in expert witnesses to dispute the victims testimony or formally object to the testimony because it was the result of repressed memories, counsel did question the witness about the nature of the memories and whether they were repressed. Criminal Trial Tr. Volume 1, 4:16-cr-163-RWS, [ECF No. 141, p. 87-90]. When questioned about his recollection of the events, the victim indicated that the memories were not repressed. Specifically, he said that " I would say repressed, and I think that I could remember them at times, and I was very much in denial." Criminal Trial, Tr. P. 88. If the victim could recall the events, then they likely were not repressed. The victim goes on to say that "if the question had been posed in 2012, I would have had a hard time admitting it. I think that I would remember it and deny it." Criminal Trial Tr. Volume 1, 4:16-cr-

163-RWS, [ECF No. 141, p. 88].

Under the deficient performance inquiry of Strickland, I must consider whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). In light of the victim's response to counsel's questions regarding repressed memories, it was not unreasonable for counsel to forgo expert witnesses or objections based on the unreliable nature of repressed memories, since they may have been perceived as an attack on the victim.

**D. Counsel was not Ineffective at Sentencing**

Steinmetz next argues that his counsel was ineffective for failing to object to his sentencing guideline calculation. In particular, he believes his counsel should have objected to the application of U.S.S.G. § 2G2.1(b)(1) and U.S.S.G. § 2G2.1(b)(2) under Kimbrough v. United States.[1] Because Steinmetz is unable to establish that this failure meets the Strickland standard, the claim must be denied.

In Kimbrough, the Supreme Court of the United States held that it was not an abuse of discretion for a district court to vary from the Sentencing Guidelines based on its policy disagreement concerning the crack/powder cocaine sentencing

---

[1] Steinmetz also stated these errors extend to restitution. But restitution is not cognizable under §2255, so this challenge is meritless. United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003)

10

disparity. Kimbrough v. United States, 552 U.S. 85 (2007). The Court also reemphasized that the guidelines are not mandatory. Id. at 569-70. Although, Courts are allowed to vary sentences based on policy disagreements, "Kimbrough did not mandate that district courts consider the crack/powder sentencing disparity and [they] do not 'act unreasonably, abuse their discretion or otherwise commit error' if they do not." US. v. Battiest, 553 F.3d 1132 (8th Cir. 2009). Therefore, Steinmetz is unable to show that his attorney's failure to challenge his sentence under Kimbrough was ineffective under Strickland. Since the district court is not required to consider such policy arguments, Steinmetz is unable to show that his counsels failure to object prejudiced him in anyway. Additionally, Steinmetz admits in his Motion to Vacate, Correct or Set Aside his sentence that application of U.S.S.G. § 2G2.1(b)(1) and U.S.S.G. § 2G2.1(b)(2) was technically correct. Motion to Vacate, Correct, or Set Aside under §2255, [ECF No. 1, p. 21]. Therefore, it was not unreasonable for counsel to fail to object and this claim must be denied.

**E. Counsel was not Ineffective for Failing to Challenge the Forfeiture**

Steinmetz's last ineffective assistance of counsel claim argues that his counsel was ineffective for failing to challenge the forfeiture order. Challenges to forfeiture orders are not cognizable under §2255 because they are not claiming a right to be released. Taylor v. United States, 2018 WL 10373773 (2018).

11

Therefore, this claim must be denied.

### III. Imposition of Supervised Release was Proper (Claim VII)

Lastly, Steinmetz challenges the imposition of supervised release in light of the Supreme Court's recent decision in United States v. Haymond. In Haymond, the Supreme Court held that 18 U.S.C. § 3583(k) was unconstitutional. 18 U.S.C. § 3583(k) is a portion of the supervised release statute, which reads as follows:

> "Notwithstanding subsection (b), the authorized term of supervised release for any offense under section 1201 involving a minor victim, and for any offense under section 1591, 1594(c), 2241, 2242, 2243, 2244, 2245, 2250, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, 2423, or 2425, is any term of years not less than 5, or life. If a defendant required to register under the Sex Offender Registration and Notification Act commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment under subsection (e)(3) without regard to the exception contained therein. Such term shall be not less than 5 years."

18 U.S.C. § 3583(k). In its opinion, the Court emphasized §3583(k)'s last two sentences, which mandate a new minimum term of incarceration based on judge-found facts. United States v. Haymond, 139 S.Ct. 2369, 2378 (2019). Unlike the other provisions of §3583, which tie the punishment for a violation of supervised release to the predicate crime, §3583(k) ties the punishment to the conduct that resulted in revocation. Haymond, 139 S.Ct. at 2386. In particular, § 3583(k) mandates a minimum term of imprisonment of five years if the defendant violated on of the specified statutory provisions and is not constrained by the limits set forth

in §3583(e). Id., 18 U.S.C. § 3583(k). This creates situations in which defendants are exposed to "an additional mandatory minimum prison term *well* beyond that authorized by the jury's verdict – all based on facts found by a judge by a mere preponderance of the evidence." Haymond, 139 S. Ct. at 2382.

Since Steinmetz's conviction was for crimes committed in 2003, he was convicted and sentenced under the statutes in effect at that time. 18 U.S.C. § 3583(k) was not included in the supervised release statutes until April 30, 2003 and the final two sentences, which the Supreme Court focused its decision on, were not added until July 27, 2006. Accordingly, I relied on 18 U.S.C. §3583(b) rather than 18 U.S.C. § 3583(k) when imposing Steinmetz's supervised release. This section of statute was not called into question by Haymond. Therefore, his challenge lacks merit.

Additionally, to the extent Steinmetz is arguing that the Court's reasoning in Haymond requires me to apply the Apprendi v. New Jersey line of cases in the supervised-release context, his argument fails. As the Eighth Circuit noted in United States v. Watters, "Justice Breyer's narrow concurrence—the controlling opinion—did not hold that revocations were, in and of themselves, full-blown prosecutions or trials that necessarily would permit a defendant to invoke all of the various constitutional protections attendant to such proceedings." United States v. Watters, Rather, Justice Breyer merely held that §3583(k) was more like

13

punishment for a new offense, than an ordinary revocation. Id. Additionally, in doing this, he stated that he would not transplant the Apprendi line of cases into the supervised release context. Id.

## CONCLUSION

After careful consideration of each of Steinmetz's claims, I find that he is not entitled to relief under §2255. He did not meet his burden under Strickland and failed to establish his other two claims.

Accordingly,

**IT IS HEREBY ORDERED** that Oscar Steinmetz's Motion to Vacate, Correct, or Set Aside his sentence, ECF No. [1] pursuant to 28 U.S.C. §2255 is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be issued.

**IT IS FURTHER ORDERED** that Steinmetz's motion for summary judgment [12] is **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of February 2020.